FILIPPA SCATURRO AND CALOGGERO SCATURRO, PLAINTIFFS-RESPONDENTS, v. JAMES RENDA, DEFENDANT-APPELLANT, AND NATHAN SCHWERTZER, INCORPORATED, DEFENDANT.

Argued October term, 1932—Decided June 21, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the appellant, *John F. Ryan.*

For the respondents, *Mario Turtur* (*Harold W. Borden,* of counsel).

PER CURIAM.

This is an appeal from a judgment rendered by a jury in favor of the plaintiffs, the sum of $300 being awarded to

Filippa Scaturro for personal injuries and the sum of $200 being awarded to Caloggero Scaturro, her husband, for medical expenses and loss of services. The case arose out of an automobile accident.

It appears that the plaintiff Filippa Scaturro was riding in an auto truck with her brother, James Renda, who was the owner and operator of same, and was proceeding along a street in the city of Elizabeth known as Bayway road. At the intersection of Clarkson avenue and Bayway road a collision occurred between Renda's truck, in which the plaintiff was riding, and a pleasure car alleged to be the property of Nathan Schwertzer, Incorporated. The plaintiffs, Mr. and Mrs. Scaturro, brought suit for damages against Renda and Schwertzer, Incorporated, and the judgments above mentioned were recovered against Renda alone. A nonsuit was entered in favor of defendant Schwertzer, Incorporated, by consent of plaintiffs' counsel.

Defendant Renda appeals on several grounds—that the plaintiffs should have been nonsuited and a verdict should have been directed in favor of the defendant and that the trial court committed error in refusing to admit into evidence a certain exhibit which is printed in the state of the case and which had been marked for identification. This exhibit is a statement signed by the plaintiff Mrs. Scaturro, sworn to before a notary public, and which the defendant James Renda certifies as having been translated by him to his sister, Mrs. Scaturro (she allegedly not being able to read, write or understand the English language), signed by her with her mark in lieu of signature, and that she stated to him the statement was true. This statement, properly substantiated, was offered by the defense in evidence and rejected by the trial court on the ground that James Renda, being a defendant, "may or may not have been directly interested in shading that statement." This was manifest error. Two witnesses in the case testified the statement was made by the plaintiff voluntarily under proper safeguards and shortly after the happening complained of; that the statement was read to her; that she said it was true, swore to it, and signed it as above indicated,

whereas the best that can be made out of her testimony was that she was uncertain whether her brother had read it to her or not. The rights of the defendant were injured by the exclusion of this competent testimony. The determination of this point makes it unnecessary to consider the other grounds for reversal.

The judgment will be reversed, a *venire de novo* awarded, costs to abide the event.